**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHELBY GREER d/b/a ECONOCAR<br>& VAN RENTAL,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE<br>CO.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:21-cv-1653-NR |

**<u>MEMORANDUM ORDER</u>**

Plaintiff Shelby Greer originally filed her complaint in the Court of Common Pleas of Allegheny County. ECF 1. Defendant GEICO General Insurance, Co. timely removed the case to federal court on November 15, 2021. *Id.* In its notice of removal, GEICO alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 "as there are claims where complete diversity is involved wherein the matter in controversy exceeds the statutorily set limit of $75,000[.]" *Id.* at ¶ 4. Mr. Greer moves to remand the case to state court, arguing that the amount in controversy does not exceed $75,000. ECF 9. He's also filed an amended complaint that includes a stipulation stating that he is not seeking and will not accept relief of more than $70,000. *Id.*

After careful consideration, the Court will grant the motion to remand.

"Remand to state court is required if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Hoffman v. Nutraceutical Corp.*, 563 F. App'x 183, 185 (3d Cir. 2014). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[L]ower federal-court jurisdiction is further limited to those subjects encompassed

within a statutory grant of jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Thus, "the district courts may not exercise jurisdiction absent a statutory basis." *Id.* To that end, GEICO relies on 28 U.S.C. § 1332(a), which allows for federal courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a).

As an initial matter, Mr. Greer's "post-removal 'stipulation' regarding the amount in controversy 'has no legal significance.'" *Robinson v. Coach Leasing, Inc.*, No. 20-126, 2020 WL 6324421, at *1 (W.D. Pa. Oct. 28, 2020) (Ranjan, J.) (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)). That's because the "right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." *Van Scyoc v. Equitrans, L.P.*, 255 F. Supp. 3d 636, 639 (W.D. Pa. 2015) (Hornak, J.) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Meaning that "a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." *Angus*, 989 F.2d at 145.

Instead, the Court "must assess the [original] complaint to determine if the amount in controversy was, in fact, satisfied at the time of removal, based on a reasonable reading of the value of the rights being litigated." *Robinson*, 2020 WL 6324421, at *1 (cleaned up). Removal of this action will be proper if the Court finds, "by a preponderance of the evidence, that the amount in controversy' exceeds $75,000." *Id.* at *2 (cleaned up).

GEICO, though, never explains how the damages in this case, as pled in the original complaint, exceed $75,000. *See, e.g.*, ECF 1; ECF 12. And after independently examining Mr. Greer's claims, the Court is hard-pressed to see how the damages could get over that threshold.

The background is key.  As alleged in the original complaint, Mr. Greer owns a business that specializes in renting automobiles.  ECF 1-2, ¶ 3.  One of the cars Mr. Greer rented to a customer was involved in an accident with one of GEICO's insureds.  *Id.* at ¶ 4.  GEICO's insured was at fault.  *Id.* at ¶ 4.  Mr. Greer determined that the accident caused a total loss of his vehicle, and timely filed an insurance claim with GEICO.  *Id.* at ¶¶ 5-6.  GEICO first refused to compensate Mr. Greer for all his losses.  *Id.* at ¶ 10.  Eventually, over fourteen months later, GEICO paid out Mr. Greer's claim.  *Id.* at ¶ 11.  Mr. Greer, however, was out the profits he would have earned for that vehicle for that entire period.  *Id.* at ¶¶ 12, 18.

From this core set of facts, Mr. Greer asserts state-law claims for breach of contract, bad faith, lost profits, and loss of use.  *Id.* at pp. 4-6.

Importantly, and unlike many removal cases, Mr. Greer pled a precise calculation of his compensatory damages—that is, he is seeking "$50 per day from the date that [GEICO] admitted fault to April 21, 2021[.]"  *Id.* at p. 4.  The Court has no reason to doubt the reasonableness of that measure.  While Mr. Greer does not specify the date that GEICO "admitted fault," even if the Court uses the date of the accident (*i.e.*, February 1, 2020), these compensatory damages fall well short of the $75,000 threshold.  That period would encompass 445 days.  If the Court multiplies 445 by $50, that comes out to $22,250.

Mr. Greer also asks the Court to award him "the prime rate of interest on the original insurance claim amount plus 3% as well as punitive damages, costs, counsel fees, and any other relief this Honorable Court deems appropriate."  *Id.* at p. 5.  But even adding those potential damages to the mix does not help GEICO meet its burden to justify removal.

Even if the Court were to factor in Mr. Greer's requested prejudgment interest rate ("prime" increased by 3% calculated annually), that figure would still be well

short of the $75,000 threshold.[1]  Further, it is difficult to see how a punitive damage and costs award in a case that asserts no bodily injury claims could make up the difference.  *See Dendy v. GEICO, Inc.*, No. 20-1945, 2020 WL 7424970, at *2 (W.D. Pa. Dec. 18, 2020) (Fischer, J.) (remanding case where "Defendant has not put forth any evidence to support its bare allegation of the jurisdictional amount beyond pointing out that Plaintiff seeks attorney's fees and punitive damages on its bad faith count").

Finally, the Court notes that "if any doubt remains, the tie is broken here by the well-settled principle that the federal removal statute is strictly construed, requiring remand if any doubt exists over whether removal was proper." *Robinson*, 2020 WL 6324421, at *3 (cleaned up).  There is, at a minimum, serious reason to doubt that Mr. Greer has suffered more than $75,000 in damages.

For these reasons, remand is warranted.

\* \* \*

**AND NOW**, this 6th day of January, 2022:

**IT IS HEREBY ORDERED** that Mr. Greer's motion to remand (ECF 8) is **GRANTED**.  The case is hereby **REMANDED** forthwith to the Court of Common Pleas of Allegheny County, Case No. GD-21-013246, for all further proceedings.

The Clerk is directed to mark this case, No. 2:21-cv-1653, closed.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[1] The Court notes that Pennsylvania's statutory interest rate is "six per cent per annum."  41 Pa. Stat. Ann. § 202 (West).